**Slip Op. 05-130**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| **COLAKOGLU METALURJI A.S.,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| **v.** : | |
| : | **Before: Carman, Judge** |
| **UNITED STATES** : | |
| : | **Court No. 04-00621** |
| **Defendant,** : | |
| : | |
| **and** : | |
| : | |
| **GERDAU AMERISTEEL CORP.,** : | |
| : | |
| **Defendant-Intervenor.** : | |

[Upon review of the parties' papers, this case is remanded.]

**OPINION AND ORDER**

Dated: September 27, 2005

*Lafave & Sailer LLP* (*Arthur J. Lafave III, Francis J. Sailer*), Washington, D.C., for Plaintiff.

*Peter D. Keisler*, Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; *Jeanne M. Davidson*, Deputy Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; *David S. Silverbrand*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; *Robert E. Nielsen*, Of Counsel, Office of Chief Counsel for Import Administration, U.S. Department of Commerce, for Defendant.

*Brickfield, Burchette, Ritts & Stone PC* (*Damon E. Xenopoulos*), Washington, D.C., for Defendant-Intervenor.

## OPINION

**CARMAN, Judge:** This case is before this Court on a motion for judgment on the agency record filed by Plaintiff Colakoglu Metalurji A.S. ("Plaintiff" or "Colakoglu"). Plaintiff challenges the final determination by the United States Department of Commerce ("Defendant" or "Commerce") in *Certain Steel Concrete Reinforcing Bars from Turkey,* 69 Fed. Reg. 64,731 (Dep't Commerce Nov. 8, 2004) (final determination) ("*Final Results*"). The sole issue in this case is the date of sale. Plaintiff challenges Commerce's use of the invoice/shipment [hereinafter invoice] date rather than the contract/order [hereinafter contract] date as the date of sale to determine the dumping margin. Commerce has voluntarily requested that this case be remanded to review this issue. This Court grants Commerce's request for voluntary remand. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1581(c) (2000) and 19 U.S.C. § 1516a(a)(2)(A)(i) (2000).

## BACKGROUND

On April 17, 1997, Commerce issued an antidumping duty order covering concrete steel reinforcing bars from Turkey. *Certain Steel Concrete Reinforcing Bars from Turkey,* 62 Fed. Reg. 18,748 (Dep't Commerce Apr. 17, 1997) (antidumping duty order). The list of Turkish producers and exporters to be reviewed included Plaintiff for the period of review from April 1, 2002, through March 31, 2003. Plaintiff completed the questionnaires and responded that the date of sale is the "contract or order confirmation . . . because, without exception, all material terms and conditions were fixed on those dates for all sales" during this period. (Pl.'s Br. in Supp. of Its R. 56.2 Mot. for J. on the Agency R. ("Pl.'s Mot.") at 3.) On May 5, 2004, Commerce published the preliminary results of the review, using the invoice date as the date of

sale. *Certain Steel Concrete Reinforcing Bars from Turkey,* 69 Fed. Reg. 25,063 (Dep't Commerce May 5, 1997) (preliminary results of antidumping administrative review). In response, Plaintiff submitted case and rebuttal briefs to support its assertion that the contract date was the proper date of sale. In the *Final Results*, however, Commerce reaffirmed its previous decision to use the invoice date as date of sale "because it concluded the material terms of the sale (price and quantity) were not established" until the that time. (Def.'s Mem. in Resp. to Pl.'s Mot. for J. on the Agency R. ("Def.'s Resp.") at 3.) On November 26, 2004, Commerce issued a correction to the Final Results, noting that Plaintiff made no home market sales below the cost of production for the period of review. *Certain Steel Concrete Reinforcing Bars from Turkey,* 69 Fed. Reg. 68,883 (Dep't Commerce Nov. 26, 2004) (correction to final determination). Plaintiff timely appealed the *Final Results* to this Court.

Defendant-Intervenor, an interested party in the underlying review, opposes Plaintiff and Defendant's requests for remand and rather seeks that this Court uphold Commerce's determination regarding the date of sale. (Def.-Intervenor's Br. in Opp'n to Pl.'s Mot. for J. on the Agency R. at 1, 19.)

## STANDARD OF REVIEW

In reviewing a challenge to Commerce's final determination in an antidumping administrative review, the Court will uphold Commerce's decision unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law. . . ." Tariff Act of 1930, § 516A(b)(1)(B) (codified as amended at 19 U.S.C. § 1516a(b)(1)(B)(i) (2000)).

## DISCUSSION

The issue in this case is whether Commerce should have used the contract date or the invoice date as the date of sale in the administrative review. The regulation which governs date of sale provides:

> In identifying the date of sale of the subject merchandise or foreign like product, the Secretary normally will use the date of invoice, as recorded in the exporter or producer's records kept in the ordinary course of business. However, the Secretary may use a date other than the date of invoice if the Secretary is satisfied that a different date better reflects the date on which the exporter or producer establishes the material terms of sale.

19 C.F.R. § 351.401(i) (2004). Upon a plain reading of the language, this regulation provides a rebuttable presumption that the invoice date will be identified as the "date of sale." According to Defendant, this presumption is based upon the fact that the material terms of sale are normally not determined until the time of invoice or shipment. (Def.'s Resp. at 5.) An exporter or producer, however, may attempt to rebut that presumption by presenting evidence that establishes the material terms of sale were fixed at a different time. Commerce then has the power to exercise discretion by using that different time as the date of sale. 19 C.F.R. § 351.401(i).

As Plaintiff urged, "The 'date of sale' is important because home market sales in the same month as the date of the U.S. sale are the first group of sales considered for price-to-price comparisons in Commerce's antidumping duty margin analysis in an administrative review." (Pl.'s Mot. at 3.) Plaintiff further states that "[i]n a hyperinflationary economy [such as Turkey's], moreover, there can be a significant difference in the home market sales price if one looks at the price, *e.g.*, in April as compared to June or July." *Id.* at 4. Plaintiff asserts that it established on the record that there were no material changes to the essential terms – price and

quantity – of the contract date. Plaintiff explains that any minor differences in quantity ordered and shipped were within the "tolerances contained in the contract or purchase order with respect to each sale." (Pl.'s Mot. at 6-7.) Consequently, Plaintiff challenges Commerce's usage of the later-in-time invoice date rather than the earlier-in-time contract date as the date of sale as unsupported by the record and not in accordance with law. (Pl.'s Mot. at 16.) In response, Defendant "respectfully request[s] that the Court remand this case to Commerce so that it may reconsider whether, based upon its established past practice, it reasonably applied its treatment of delivery tolerances to the facts at issue here." (Def.'s Resp. at 5.) Since Defendant voluntarily requested remand on the issue of date of sale, this Court grants this request and no further discussion is necessary at this time. For the aforementioned reasons, it is hereby

**ORDERED** that Plaintiff's motion for judgment on the agency record is granted insofar as the remand request but denied as to dictate a particular determination; and it is further

**ORDERED** that this case in its entirety is remanded to the U.S. Department of Commerce; and it is further

**ORDERED** that the U.S. Department of Commerce shall file its Remand Results with this Court no later than November 30, 2005.

   /s/ Gregory W. Carman   
Gregory W. Carman
Judge


Dated: September 27, 2005
New York, New York