Slip Op. 06-36

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| COLAKOGLU METALURJI A.S., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Before: Carman, Judge |
| UNITED STATES, | : | |
| | : | Court No. 04-00621 |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| GERDAU AMERISTEEL CORP., | : | |
| | : | |
| Defendant-Intervenor. | : | |

## JUDGMENT

In *Colakoglu Metalurji A.S. v. United States,* 29 CIT __, 394 F. Supp. 2d 1379 (2005), the Court remanded this matter to the United States Department of Commerce ("Commerce") pursuant to Commerce's voluntary remand request on the issue of date of sale.

On January 13, 2006, Commerce filed its *Final Results of Redetermination Pursuant to Court Remand* ("*Remand Redetermination*"). Upon remand, Commerce reconsidered its date of sale methodology that it used in *Certain Steel Concrete Reinforcing Bars from Turkey*, 69 Fed. Reg. 64,731 (Dep't Commerce Nov. 8, 2004) (final results of antidumping duty administrative review) ("*Final Results*"). In its *Remand Redetermination*, Commerce decided to recalculate the margin for Colakoglu "using the later of the purchase 'order' date or the date that the customer provided final product size specifications to Colakoglu as the date of sale." *Remand Redetermination* at 1-2. Upon review, Commerce found that "while there were differences between the quantities listed on the contract and the invoice, such differences were, in fact, always within the allowed delivery tolerances established for each sale. [Commerce] similarly [found] that no additional changes in price existed for any of Colakoglu's U.S. sales during the POR. Therefore, [Commerce] conclude[d] that the material terms of sale for Colakoglu's U.S. sales were established at the 'order' date, and as a result [Commerce has] recalculated the margin using Colakoglu's reported 'order date' as the date of sale." *Remand Redetermination* at 4. Consequently, Colakoglu's antidumping duty margin for the period from April 1, 2002, to March 31, 2003, was recalculated at 4.91 percent. *See id.*

Having received, reviewed and duly considered Commerce's *Remand Redetermination* and having received no comments from parties, this Court holds that Commerce complied with the remand order. Further, this Court holds that Commerce's *Remand Redetermination* is reasonable, supported by substantial evidence on the record and otherwise in accordance with law; and it is hereby

**ORDERED** that the *Remand Redetermination* filed by Commerce on January 13, 2006, is affirmed in its entirety.

    /s/ Gregory W. Carman
Gregory W. Carman

Dated: March 13, 2006
      New York, New York